# EXHIBIT A

**Filed**
**D.C. Superior Court**
**11/13/2015 04:36PM**
**Clerk of the Court**

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

Gregory Campbell         )
1317 Sheridan Street, N.W.   )
Washington, D.C. 20011    )
                      )
      Plaintiff          )
                      )
        v.            )        **2015 CA 008759 B**
                      )
Safeway, Inc.           )
6500 Piney Branch Road, N.W. )
Washington, D.C. 20012    )
                      )
     SERVE: CT Corporation System )
         1015 15th Street, N.W.   )
         Suite 1000          )
         Washington, D.C. 20005  )
                      )
      Defendant       )

## COMPLAINT FOR NEGLIGENCE
(Negligence, Slip and Fall)

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is founded upon **D.C. Code §11-921** as the cause

of action arose in the District of Columbia.

2.     The incident which forms the basis of this lawsuit occurred in the

District of Columbia.

## PARTIES

3.     Plaintiff Gregory Campbell is an adult resident of the District of Columbia.

4.     Defendant Safeway, Inc. (hereafter, Safeway) is a Delaware Corporation. Its principal place of business is located at 5918 Stoneridge Mall Road, Pleasanton, CA 94588. Safeway is a grocery store chain.

## FACTS

5     On June 26, 2013, plaintiff slipped and fell on an unsafe, dangerous, and defective condition on the ground in a Safeway parking lot.

6.     Plaintiff slipped on an oily/oleaginous substance on the ground in the parking lot area.

7.     Defendant's grocery store where plaintiff's fall occurred is located at 6500 Piney Branch Road, N.W., Washington, D.C. 20012.

8.     At the same time and place, defendant owned or controlled the store where plaintiff's fall occurred.

9.     At the same time and place, plaintiff stepped on the oily/oleaginous substance in the parking lot area and fell very hard to the ground thereby suffering a severe injury.

10.     At the same time and place, there were no warning signs at or near the unsafe and defective condition of the ground referred to herein.

11.     All or part of the unsafe and defective condition of the ground existed for a lengthy period of time prior to plaintiff's fall.

12.     At the same time and place, plaintiff was lawfully on the premises.

## COUNT I
(Negligence, Slip and Fall)

13.     The plaintiff hereby incorporates by reference, paragraphs 1 through 12, as though fully set forth herein, and further alleges as follows:

14.     Plaintiff's slip and fall was a direct and proximate result of the negligence of the defendant, whose negligent acts and/or omissions include, but are not limited to, the following:

    a.      failure to inspect;
    b.      failure to warn;
    c.      failure to maintain the parking lot in a reasonably safe condition;
    d.      failure to repair/clean;
    e.      failure to exercise ordinary care to keep the parking lot in a reasonably safe condition for use by invitees, including, plaintiff;
    f.      failure to comply with applicable District of Columbia building and other code regulations then and there in effect; and
    g.      failure to meet the applicable standard of care.

15.     Defendant, and/or its employees, knew, or should have known, of the unsafe and defective condition of the ground and cleaned it and repaired it.

16.     The condition was open, and obvious.

17.     As a direct and proximate result of the negligence of the defendant, plaintiff slipped and fell, and suffered extensive, serious, and permanent injuries including, but not limited to, a severe laceration of his left hand requiring surgical repair.

18.     As a further direct and proximate cause of the defendant's negligence, plaintiff has incurred expenses for medical care and attention; has suffered and will continue to suffer much physical pain, mental and emotional anguish; permanent injuries, wage loss; and diminished earning capacity, and property damage.

WHEREFORE, plaintiff demands judgment against defendant in the full and just amount of Five Hundred and Fifty Thousand ($550,000.00) dollars, plus interest and costs.

Respectfully submitted,
**Law Offices of Harold Brazil
& Associates, P.C.**

/s/ Harold Brazil
Harold Brazil            #190124
1750 K Street, N.W.
Suite 2 East
Washington, D.C. 20006
(202) 429-1727
brazillaw@msn.com
*Attorney for Plaintiff*

**JURY TRIAL REQUESTED**

/s/ Harold Brazil
Harold Brazil



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Gregory Campbell
_____
                                    Plaintiff

vs.                                              Case Number   **2015 CA 008759 B**

Safeway, Inc.
Serve: CCT Corporation System)
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Harold Brazil
_____
Name of Plaintiff's Attorney

1750 K Street N.W., Suite 2 East
_____
Address
Washington, D.C. 20006
_____

202-429-1727
_____
Telephone

Clerk of the Court

By _____
                      Deputy Clerk

Date   **11/13/2015**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ፕትምርጉም ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____

**Demandante**

contra

Número de Caso: _____

_____

**Demandado**

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección

Subsecretario

_____

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    ያስፈልግ አስተርጓሚ ካስፈለገዎ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GREGORY CAMPBELL
    Vs.                             C.A. No.       2015 CA 008759 B
SAFEWAY, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                     Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  November 13, 2015
Initial Conference: 9:30 am, Friday, February 12, 2016
Location:  Courtroom 219
          500 Indiana Avenue N.W.

                                                        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| Gregory Campbell | ) |
| | ) |
| Plaintiff | ) |
| | ) 2015 CA 008759 B |
| v. | ) Judge Ronna L. Beck |
| | ) Next Event: Initial Scheduling Conference |
| | ) February 12, 2016 |
| Safeway, Inc. | ) |
| | ) |
| Defendant | ) |

## PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:        Safeway, Inc.

FROM:     Gregory Campbell
          c/o Harold Brazil
          1750 K Street, N.W.
          Suite 2 East
          Washington, D.C. 20006-2314
          (202) 429-1727
          *brazillaw@msn.com*
          *Attorney for plaintiff*

### INSTRUCTIONS

Pursuant to the rules of this Court, plaintiff requests that the above-named defendant answer the following Interrogatories and return them to the Law Offices of Harold Brazil, 1750 K Street, N.W., Suite 2 East, Washington, D.C.  2006-2314, within 45 days.  In responding to these Interrogatories, please note:

1. The following Interrogatories shall be deemed to be continuing, and any additional information relating in any way to these Interrogatories, including any conclusions, opinions, or contentions that are different from those set forth in your answers which you acquire subsequent to the date of your answers and including the date of trial, shall be furnished to plaintiff promptly after such information is acquired.

2.   Where the name or identity of a person is requested, state the full name, home and business address, home and business telephone number, occupation, and job title of that person, and state his or her present and former relationship to the party to whom these Interrogatories are addressed.

3.   Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

4.   These Interrogatories seek all information known or available to you, regardless of whether the information is possessed directly by the party responding to these Interrogatories or by its officers, directors, agents, servants, employees, representatives, affiliates, subsidiaries, predecessor companies, or unless privileged, by its attorneys.

5.   When an answer is made by a corporate defendant, state the name, address, and title of the person supplying the information and making the affidavit, and the source of his or her information.

6.   The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in paragraphs (4) and (5) above.

7.   If any of these Interrogatories cannot be answered in full, it must be answered to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you have with respect to the unanswered portion

8.   Where the identity of a document is requested, state, as applicable, the title or other description of the document, the date the document was prepared, a brief summary of its subject matter, the name of the author or signor of the document, the name of the person to whom the document is addressed or to whom it was distributed, the name of the publisher of the document, and the names of organizations by which the author or signor, the publisher, the recipient, and the addressee were employed, and the name of the person who presently has custody, possession, or control of the document and the present location of the document.

2

9. If the answer to any of these Interrogatories is based upon information other than the personal knowledge of the individual signing these Interrogatories, then set forth exactly and in detail, your answer to each Interrogatory the underlying basis for each answer and state when, where, from whom and under what circumstances the person answering these Interrogatories obtained the information for each answer.

10. Should you claim a privilege for any documents, meetings, or any other item or information requested by any of the following Interrogatories, please identify all such documents, meetings, items, and/or information and state specifically and in detail all grounds upon which the claim of privilege rests.

11. Should you claim that any of the following Interrogatories are beyond the scope of discovery or if you have any objections to any Interrogatory, such claim or objection shall be specified in detail, providing all the grounds upon which the claim or objection rests.

12. The term "document" as used in these interrogatories means all writings of any kind, both originals and copies, including but not limited to:  correspondence, letters, memoranda, notes, reports, paper, files, books, records, contracts, agreements, telegrams and other communications sent or received, printouts, diary entries in calendars, drafts, tables, compilations, tabulations, charts, grafts, recommendations, accounts, worksheets, logs, work papers, minutes, notes, summaries and other written records and recordings of any kind, conferences, meetings visits, interviews, or telephone conversations, bills, statements, invoices, and other records of expenditures, financial and statistical data, analyses, surveys, audio and video tapes and transcripts of the testimony sent, testimony, statements, interviews or conversations affidavits printed matter (including published articles, speeches, and newspaper clippings), press releases, photographs, films tapes, and all data compilations from which information can be obtained including materials used in electronic data processing.

13.     The words "person(s)" and "entities" shall mean all individuals, groups and organizations including but not limited to, all individuals, sole proprietorships, associations,

3

companies, partnerships, joint ventures, corporations, trusts, estates, and any agency of the government or investigative body of any kind.

14. The word "or" shall mean "and/or."

15. A document or communication "relating to" or" incident to" or "referring to" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including without limitations, documents concerning the presentation of other documents.

## INTERROGATORIES

1.     Identify every person who was consulted or who otherwise participated in preparing the answers to these Interrogatories, identify all documents either consulted in answering these Interrogatories or otherwise relating to the information requested in these Interrogatories, and identify each person who presently has possession, custody or control of each document.

2.     Prior to answering these Interrogatories, have you made due and diligent search of all books, records, and papers of the defendant and due and diligent inquiry of all agents and employees of the defendant with a view to eliciting all information available in this action?

3.     State whether you conducted an investigation or filed a report concerning the incident and, if so, please attach a copy hereto, or if no copy is available, provide the location of the report and where counsel may obtain a copy of it.

4.     State in detail how you believe the incident involving the plaintiff occurred, including in your answer the date, time and place of the occurrence and the names of all other individuals involved in the occurrence.

5.      If you contend that the plaintiff was negligent, please state in detail the facts upon which you rely, including everything the plaintiff did, or failed to do, which contributed to the alleged occurrence.

6.      If you contend that the plaintiff assumed the risk of his injury, please state in detail the facts upon which you rely, including everything the plaintiff did, or failed to do, which supports such contention.

7.      If you contend that a person not a party to this lawsuit acted in such a manner as to cause or contribute to the occurrence, please set forth the name and address of each said person or company or entity; and, provide a concise statement of the facts upon which you rely.

8.      State the names and addresses of all persons who arrived on the scene within two hours after the occurrence.

9.      Have there ever been any other slip or trip and falls on the defendant's parking lot located at 6500 Piney Branch Road, N.W. Washington, D.C. 20011. If so, state the circumstances, including whether defendant was at fault and whether a lawsuit or personal injury claim was filed against you and/or the operator.

10.     State the names and addresses of all persons known to you or your attorney who were eyewitnesses of the occurrence and state the location of each eyewitness at the time of such occurrence, so that as is known to you or your attorney.

11.     State whether you have in your possession any written or recorded statements made by the plaintiff, and if so, state the date such statement was obtained, the name and address of the persons who took or recorded such statement and attach a copy of such statement to your answers.

12.     State whether any person made any oral or written statements concerning the occurrence or injuries complained of and if so, set forth the date such statement was made, the name and address of person(s) who were present when such statement was made, the substances of any such statement, and attach a copy of such statement to your answers.

5

13.     State whether you or any of your employees made any oral or written statements about the happening of the occurrence, and if so, state to whom such statement was given and the date; attach a copy of such statement to your answers.

14.     State whether you have within your possession or control or have knowledge of, any photographs, plates or diagrams of the scene or the subject sign, or subjects connected with the occurrence, and if so, itemize each such photograph or object and state its present location and the name of the person having custody.

15.     If since the occurrence, you or any of your employees have at any time engaged in conversation with the plaintiff, state the substance of such conversation.

16.     If any expert witness has made an oral report to you or your attorney, state the substance of any such oral report.

17.     Please identify each person you expect to call as an expert witness at the trial and state as to each such person:

        a)     the name, occupation, address and

        b)     the subject matter on which the person is expected to testify;

        c)     the substance of the facts and opinions as to which the person is expected to testify;

        d)     the specific data and a summary of the grounds on which the person bases his or her opinion;

        e)     the qualifications that make the person an expert; and

        f)     please attach a copy of any written reports from each expert and their curriculum vitae.

18.     Please state whether the police or any government entity investigated the occurrence. If so, please identify such governmental entity and the agent and/or employee who conducted such investigation and identify any report which was prepared. And, please include the name, address and telephone number or the person(s)/entities involved.

6

19.     Please state the name address and telephone number of each and every insurance company or other entity that provides insurance coverage for you and/or your company or employees in connection with this incident, and provide the amount of each and every insurance coverage.

20.     Please state whether or not you have any medical records or bills for the plaintiff, other than those provided to you by the plaintiff and, if so, attach copies of all such records and bills. (Please note that this interrogatory, like all interrogatories, is continuing and there is a duty to supplement it as appropriate).

21.     Please list and describe each and every document which you may use at the trial of this matter.

22.     Please describe with specificity each and every warning sign that was near the location of the occurrence at or near the time of such occurrence. And, please include the measurements, shape and color of such signs, and their location inside the parking lot and the adjacent sidewalk.

23.     Please state the name, address, telephone numbers of the person(s) and companies, responsible for (a) supervising, (b) cleaning, and/or, (c) maintaining the area of the parking lot where plaintiff contends he fell. Please include those person(s) job titles, duties and location at the time of the incident.

24.     Please describe all repairs to the defendant's parking lot during the two years preceding the occurrence. Please include the nature of such repairs, the date on which it was repaired and by whom it was repaired.

25.     Please state the name, address and telephone number of the company that repaired the parking lot where plaintiff fell at any time subsequent to his fall.

26.     Please state whether or not you or any employee ever received any complaints, warnings or notice of a defect or dangerous condition in the parking lot where plaintiff fell. If so,

please identify the date and the name, address and telephone number of the persons who complained or notified you of such defect or dangerous condition.

27.    Please state whether the subject parking lot was ever inspected. If so, please identify who performed such inspections whom, the frequency of such inspections (during the year 2013), and the results of such inspections.

28.    Please state whether or not defendant received any building code violations or citations in connection with the defective condition of the parking lot where plaintiff fell. If so, please identify the governmental agency that found such violations or issued such citations and state the dates they were issued and the reasons for their issuance.

29.    Please state whether or not during the 5 years preceding the occurrence anyone has been injured on defendant's parking lot. If so, please identify all persons injured by name, address and telephone number and description of each incident or complaint.

Respectfully submitted,
**Law Office of Harold Brazil
& Associates, P.C.**

**/s/ Harold Brazil**
Harold Brazil
1750 K Street, N.W.
Suite 2 East
Washington, D.C. 20006-2314
(202) 429-1727
***Attorney for Plaintiff***

8

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Gregory Campbell | ) |
| | ) |
| Plaintiff | ) |
| | ) 2015 CA 008759 B |
| v. | ) Judge Ronna L. Beck |
| | ) Next Event: Initial Scheduling Conference |
| Safeway, Inc. | ) February 12, 2016 |
| | ) |
| Defendant | ) |
| | ) |

## PLAINTIFFS FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:      Safeway, Inc.

FROM:    Gregory Campbell
         c/o Harold Brazil
         1750 K Street, N.W.
         Suite 2 East
         Washington, D.C. 20006-2314
         (202) 429-1727
         *brazillaw@msn.com*
         *Attorney for plaintiff*

## INSTRUCTIONS

Pursuant to the rules of this Court, plaintiff requests that the above-named defendant produce for inspection and copying, the following Requests for the Production of Documents and return them to the Law Offices of Harold Brazil, 1750 K Street, N.W., Suite 2 East, Washington, D.C. 2006-2314, within 45 days. In responding to these Requests, please note:

(A)     In responding to these Requests, produce all documents that are in the possession of, or accessible to you, your agents, employees, and all other persons acting on your behalf.

(B)    These Requests are to be regarded as continuing; therefore, you are requested to supplement your responses with such additional information as may hereafter be obtained by you; or any person on your behalf, which will augment or otherwise modify any responses presently given.

(C)    If any of these Requests cannot be responded to in full, please answer, to the extent possible, the reasons for your inability to respond.

(D)    If any of the requested items are not transcribed, you are hereby requested to produce such items in written form.

(E)    If the defendant asserts a claim of privilege for any documents requested herein, furnish a list describing each document for which privilege is claimed, together with the following information:

      (1)    the author;

      (2)    the name and job title of each recipient, and person to whom a copy or copies were furnished;

      (3)    the date of the document;

      (4)    the subject matter of the document;

      (5)    the basis on which privilege is claimed; and

      (6)    every request to which each such document is responsive.

(F)    If you possess, control or know of documents which fit the description asked for in a request, but do not know the date such documents came within your control, kindly produce these documents.

## DEFINITIONS

1.    As used herein, the term "documents" shall mean and include, without limitation, all items which embody handwritten, typed, printed, oral, visual, or electronic communications or representations, agreements, letters, carbon copies of letters, telegrams, telexes, bulletins, circulars, notices, specifications, instructions, literature, books,

2

magazines, newspapers, booklets, work assignments, reports, motion picture films, videotapes, kinescopes, sound recordings, photographs, studies, analyses, surveys, memoranda, memoranda of conversations, notes, notebooks, diaries, data sheets, work sheets, calculations and drafts of the aforesaid, and all copies of the aforesaid items upon which have been place any additional marks or notations.

2.      The term "you" shall mean the defendant, including all its subsidiaries and affiliated entities and shall further include all officers, directors, employees, agents and representatives of such entities.

3.      The term "occurrence" or "incident" shall refer to the June 21, 2013 occurrence where plaintiff slipped/tripped and fell in defendant's parking lot located at the above address. Unless otherwise indicated, all requests relate to this occurrence.

## DOCUMENTS REQUESTED

1.      All exhibits which the defendant intends to introduce at the trial.

2.      All investigative reports of the incident compiled by, compiled at the request of, or in the possession of defendant or its counsel.

3.      Any and all video and audio recordings related to the subject occurrence.

4.      All statements given by, given to, or in the possession of defendant or his counsel which relate to this occurrence.

5.      All reports prepared by expert witnesses whom you intend to call at trial.

6.      All maintenance, inspection, cleaning, and repair contracts for 2011, 2012 and 2013.

7.      All transcripts of testimony given in any proceeding arising out of the occurrence.

8.     All photographs, diagrams, videotapes, and the like, depicting the scene of the occurrence.

9.     A list of all employees, agents and contractors who had any responsibility for the repair, cleaning, maintenance, inspection, replacement, and/or safety, etc., of the defendant's parking lot where plaintiff fell.

10.     A list of lawsuits against defendant during the three (3) years preceding the occurrence and two years subsequent to it.

11.     All inspection schedules for (in connection with the need for maintenance, repair, etc.) for the grocery store for 2012 and 2013.

12.     All cleaning schedules for the parking lot for 2012 and 2013.

13.     Any and all electronic files and/or digital files relating to the subject occurrence, as well as the repair and maintenance and inspection of defendant's parking lot.

14.     A list of all remedial actions and/or repairs made to the parking lot subsequent to plaintiff's fall.

15.     All documents relating to whether or not the subject parking lot where plaintiff fell met (or violated) the applicable building or other code(s) from the Department of Consumer and Regulatory Affairs and any other District of Columbia agency during 2012 and 2013.

16.     A list of customer complaints in connection with defendant's parking lot including, but not limited to, defendant's complaint file, letters of complaint, electronic files of complaints, suggestions to repair, internal memoranda involving complaints or requests for repair, results of inspections, etc.

4

17.    A list of any and all eyewitnesses to the occurrence.

18.    A list of any and all witnesses to any matters related to the subject occurrence, including employees, agents, and contractors and those who viewed plaintiff slip/trip and fall and any subsequent events on the day of the fall.

19.    The curriculum vitae of the experts defendant expects to testify on its behalf at trial.

20.    Any and all written reports of experts, consultants, or other professionals in connection with the subject litigation and/or the defense against plaintiffs' claims in this litigation.

Respectfully submitted,
**Law Office of Harold Brazil
& Associates, P.C.**

**/s/ Harold Brazil**
Harold Brazil
1750 K Street, N.W.
Suite 2 East
Washington, D.C.  20006-2314
(202) 429-1727
brazillaw@msn.com
*Attorney for Plaintiff*

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| Gregory Campbell | ) |
| | ) |
| Plaintiff | ) |
| | ) 2015 CA 008759 B |
| v. | ) Judge Ronna L. Beck |
| | ) Next Event: Initial Scheduling Conference |
| Safeway, Inc. | ) February 12, 2016 |
| | ) |
| Defendants | ) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
TO DEFENDANT SAFEWAY, INC.**

TO:        Safeway, Inc.

FROM:    Gregory Campbell
            c/o Harold Brazil, Esq.
            Law Offices of Harold Brazil & Associates, P.C.
            1750 K Street, N.W.
            Suite 2 East
            Washington, D.C. 20006
            *brazillaw@msn.com*
            *Attorney for Plaintiff*

1.    You (Safeway, Inc.) owned or controlled the store located at 6500 Piney Branch
      Road, N.W., in Washington D.C., on June 21, 2013.

2.    You (Safeway, Inc.) or an employee inspected the parking lot area on June 21,
      2013.

3.    You (Safeway, Inc.) or an employee did not inspect the parking lot area on June
      21, 2013.

4.    You (Safeway, Inc.) were aware of an oily/oleaginous substance on the ground in
      the parking lot area on June 21, 2013.

5.    You (Safeway, Inc.) were not aware of an oily/oleaginous substance on the
      ground in the parking lot area on June 21, 2013.

6.    You made a report regarding the slip and fall that occurred on June 21, 2013.

7.    You did not make a report regarding the slip and fall that occurred on June 21,

2013.

Respectfully submitted,
*Law Offices of Harold Brazil*
*& Associates, P.C.*

*/s/Harold Brazil*
Harold Brazil          #190124
1750 K Street, N.W.
Suite 2 East
Washington, D.C. 20006
(202) 429-1727; Fax (202) 429-1728
brazillaw@msn.com
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **GREGORY CAMPBELL** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.  2015 CA 08759** |
| | : | **Honorable Ronna L. Beck** |
| **SAFEWAY, INC.** | : | **Next Event: Initial Scheduling** |
| | : | **Conference – February 12, 2016** |
| **Defendant.** | : | |

### ANSWER OF DEFENDANT SAFEWAY, INC.
### TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Safeway, Inc. ("Defendant"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and in answer to Plaintiff's Complaint states at follows:

### FIRST DEFENSE

The Complaint and each paragraph therein fails to state a cause of action or a claim upon which relief may be granted against Defendant.

### SECOND DEFENSE

Responding to the individually numbered paragraphs of the Complaint, Defendant states as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 and demands strict proof thereof.

2. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint, and demands strict proof thereof.

3.      Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint, and demands strict proof thereof.

4.      Defendant admits that Safeway, Inc. is a Delaware corporation with its principal place of business in California but states that all outstanding shares of Safeway, Inc. were acquired by Albertson's LLC and New Albertson's, Inc. in 2015.

5.      The allegations in Paragraph 5 of the Complaint are denied.

6.      Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 and demands strict proof thereof.

7.      Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 7 and demands strict proof thereof.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 8 and demands strict proof thereof.

9.      Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 9 and demands strict proof thereof.

10.     Defendant denies the allegations in Paragraph 10 that there was an unsafe or defective condition on the ground that necessitated the posting of warning signs. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint.  To the extent that a response is required, Defendant denies the remaining allegations contained in Paragraph 10 and demands strict proof thereof.

11.     The allegations in Paragraph 11 of the Complaint are denied.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 12 and demands strict proof thereof.

13.     Paragraph 13 of the Complaint does not contain any factual allegations and therefore no response is required.  To the extent that a response is required, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 12 above.

14.     The allegations in Paragraph 14 of the Complaint and all subparts are denied.

15.     The allegations in Paragraph 15 of the Complaint are denied.

16.     Paragraph 16 is a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies that Defendant or its employees knew or should have known of the alleged condition but accepts the admission that it was open and obvious to Plaintiff.

17.     The allegations in Paragraph 17 of the Complaint are denied.

18.     The allegations in Paragraph 18 of the Complaint are denied.

### THIRD DEFENSE

Plaintiff's claims, injuries, losses and damages were the result of Plaintiff's sole and/or contributory negligence, thereby precluding recovery from Defendant.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### FIFTH DEFENSE

Plaintiff's damages, if any, were the result of supervening or intervening acts and/or omissions of others for which Defendant is not responsible.

3

## SIXTH DEFENSE

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiff's injuries or damages, if any, were not proximately caused by any alleged negligence on the part of Defendant.

## EIGHTH DEFENSE

Plaintiff has failed in whole or in part to mitigate his damages.

## NINTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

## ELEVENTH DEFENSE

Defendant reserves the right to rely on such other separate defenses as may become known during the course of this civil action.

## TWELFTH DEFENSE

Defendant did not have actual or constructive notice of the alleged dangerous condition.

## THIRTEENTH DEFENSE

All allegations against Defendant not specifically admitted herein are hereby denied.

WHEREFORE, Defendant Safeway, Inc. prays that Complaint be dismissed with prejudice.

Date: December 16, 2015

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_____/s/ Justin M. Cuniff_____
Justin M. Cuniff, Esq. (#499196)
Matthew H. Johnson, Esq. (#502942)
1233 20th Street, N.W., 8th Floor
Washington, DC  20036
jcuniff@bonnerkiernan.com
mjohnson@bonnerkiernan.com
Telephone (202) 712-7000
Facsimile (202) 712-7100
*Attorneys for Defendant Safeway, Inc.*

### JURY DEMAND

Defendant demands trial of this action by a jury comprised of the maximum number of jurors permitted by the Court.

_____/s/ Justin M. Cuniff_____
Justin M. Cuniff

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2015, a copy of the foregoing

Answer was served via case file express and first class mail, postage prepaid, on:

Harold Brazil, Esquire
Law Offices of Howard Brazil & Associates, P.C.
31 Garrett Street1750 K St., NW
Washington, D.C., 20006
*Attorney for Plaintiff*


/s/ Justin M. Cuniff
Justin M. Cuniff